By the Court.
Oakley, Ch. J.,
(all the Justices of the court concurring.) — There is good ground to believe, from the circumstances, that the settlement was not made by Bartlett in good faith. On Mr. Brown asking him what they had been *663 doing, he said, “ we have been doing you out of some costs intimating clearly that they had proceeded regardless of the attorneys’ costs. The question of the attorneys’ lien for such costs has been much discussed. In England, the decisions upon it are conflicting, and there were variant decisions in our late supreme court. It is difficult to determine what is now the rule in the supreme court. Whatever that may be, this court decided in Smith v. Lowden, 1 Sand. 696, that it would establish such a practice as would be consistent with equity and justice. We determined that we would sustain the lien of the attorney, whenever it could be done without infringing upon the statute of set off, and that where his right to the costs was established, we would protect it so far as we could, because however the matter might be technically, the costs were in reality his property. We adhered to this rule in Gihon v. Fryatt, 2 Sand. 638.
An attorney has no lien for his costs until a judgment is entered, or at least not till after verdict, and until the lien attaches, the parties can settle the suit regardless of his claim for costs. But after his right to costs is fixed by a verdict or judgment, then the parties are no longer at liberty to settle, disregarding his interests in the matter.
In this case, as to the costs on Bartlett’s appeal, that was a new suit which the parties could settle, as if it were a suit in this court before verdict. The attorneys had no lien for the costs in the court of appeals. But as to the costs in the original-judgment, those were their property, and the plaintiff had no just right to compromise so as to leave them unpaid.
On payment to the attorneys of those costs in the suit in this court, the execution and the judgment last entered will be set aside, without costs of the motion to either party. Otherwise, the motion is denied.